Robert Drexler (SBN 119119)
Robert.Drexler@CapstoneLawyers.com
Jonathan Lee (SBN 267146)
Jonathan.Lee@CapstoneLawyers.com
Natalie Torbati (SBN 301663)
Natalie.Torbati@CapstoneLawyers.com
Capstone Law APC
1875 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone:    (310) 556-4811
Facsimile:    (310) 943-0396

Attorneys for Plaintiff La Tasha Coates

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

DEC 29 2017

Sherri R. Carter, executive Officer/Clerk
By: _____ , Deputy
Moses Soto

UNLAR

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES

LA TASHA COATES, individually, and on behalf of other members of the general public similarly situated,

Plaintiff,

vs.

UNITED PARCEL SERVICE, INC., an Ohio corporation; and DOES 1 through 10, inclusive,

Defendants.

Case No.:    **BC 688655**

**CLASS ACTION COMPLAINT**

(1) Violation of California Labor Code §§ 1182.12, 1194, 1197, 1197.1, and 1198 (Unpaid Minimum Wages);
(2) Violation of California Labor Code §§ 226.7, 512(a), and 1198 (Failure to Provide Meal Periods);
(3) Violation of California Labor Code § 226.7 and 1198 (Failure to Provide Rest Periods);
(4) Violation of California Labor Code §§226(a), 1174(d), and 1198 (Non-Compliant Wage Statements and Failure to Maintain Payroll Records);
(5) Violation of California Business & Professions Code §§ 17200, *et seq.* (Unlawful Business Practices); and
(6) Violation of California Business & Professions Code §§ 17200, *et seq.* (Unfair Business Practices).

**Jury Trial Demanded**

Plaintiff La Tasha Coates ("Plaintiff"), individually, and on behalf of all other members of the public similarly situated, alleges as follows:

## JURISDICTION AND VENUE

1.      This class action is brought pursuant to California Code of Civil Procedure section 382.  The monetary damages, penalties, and restitution sought by Plaintiff exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.  This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, section 10.  The statutes under which this action is brought do not specify any other basis for jurisdiction.  Plaintiff's share of damages, penalties and other relief sought in this action does not exceed $75,000.

2.      This Court has jurisdiction over all Defendants because Defendants are either citizens of California, have sufficient minimum contacts in California, or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

3.      Venue is proper in this Court, because Defendants employ persons in this county, and employed Plaintiff in this county, and thus a substantial portion of the transactions and occurrences related to this action occurred in this county.  Cal. Civ. Proc. Code § 395.

## THE PARTIES

4.      Plaintiff LA TASHA COATES is a resident of Los Angeles, California. Defendants have employed Plaintiff as an hourly-paid, non-exempt Package Handler since October 2017.  Plaintiff works for Defendants at their hub in Bell, California.  Plaintiff regularly works 5-7 hours per day, 5 days per week, and approximately 25-35 hours per week and earns minimum wage.  Plaintiff's job duties as a Package Handler include lifting and sorting packages and loading trucks and trailers.

5.      Defendant UNITED PARCEL SERVICE, INC. was and is, upon information and belief, an Ohio corporation doing business in California, with its principal place of business in Atlanta, Georgia, and at all times hereinafter mentioned, an employer whose

1    employees are engaged throughout this county, the State of California, or the various states of

2    the United States of America.

3         6.    Plaintiff is unaware of the true names or capacities of the Defendants sued

4    herein under the fictitious names DOES 1 through 10, but will seek leave of this Court to

5    amend the complaint and serve such fictitiously named Defendants once their names and

6    capacities become known.

7         7.    Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 10

8    are the partners, agents, owners, shareholders, managers, or employees of UNITED PARCEL

9    SERVICE, INC. at all relevant times.

10         8.    Plaintiff is informed and believes, and thereon alleges, that each and all of the

11    acts and omissions alleged herein was performed by, or is attributable to, UNITED PARCEL

12    SERVICE, INC. and/or DOES 1 through 10 (collectively "Defendants" or "UPS"), each

13    acting as the agent, employee, alter ego, and/or joint venturer of, or working in concert with,

14    each of the other co-Defendants and was acting within the course and scope of such agency,

15    employment, joint venture, or concerted activity with legal authority to act on the others'

16    behalf.  The acts of any and all Defendants were in accordance with, and represent, the official

17    policy of Defendants.

18         9.    At all relevant times, Defendants, and each of them, ratified each and every act

19    or omission complained of herein.  At all relevant times, Defendants, and each of them, aided

20    and abetted the acts and omissions of each and all the other Defendants in proximately causing

21    the damages herein alleged.

22         10.    Plaintiff is informed and believes, and thereon alleges, that each of said

23    Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts,

24    omissions, occurrences, and transactions alleged herein.

25                    **CLASS ACTION ALLEGATIONS**

26         11.    Plaintiff brings this action on her own behalf, as well as on behalf of each and

27    all other persons similarly situated, and thus seeks class certification under California Code of

28    Civil Procedure section 382.

CLASS ACTION COMPLAINT

12.     All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

13.     Plaintiff's proposed class consists of and is defined as follows:

> All persons who worked for Defendants as non-exempt, hourly-paid employees in California, within four years prior to the filing of this complaint until the date of trial ("Class").

14.     Plaintiff's proposed subclass consists of and is defined as follows:

> All persons who worked for Defendants as non-exempt, hourly-paid employees in California, within one year prior to the filing of this complaint until the date of trial ("Wage Statement Subclass").

15.     Members of the Class and Subclass are referred to herein as "class members."

16.     Plaintiff reserves the right to redefine the Class and to add additional subclasses as appropriate based on further investigation, discovery, and specific theories of liability.

17.     There are common questions of law and fact as to class members that predominate over questions affecting only individual members, including, but not limited to:

(a)     Whether Defendants failed to pay Plaintiff and class members at least minimum wages for all hours worked;

(b)     Whether Defendants failed to provide Plaintiff and class members with meal periods;

(c)     Whether Defendants failed to provide Plaintiff and class members with rest periods;

(d)     Whether Defendants provided Plaintiff and class members with complete and accurate wage statements as required by California Labor Code section 226(a);

(e)     Whether Defendants failed timely to pay minimum wages and meal and rest period premiums to Plaintiff and class members during their employment;

(f)     Whether Defendants failed to provide written notice of information material to Plaintiff and class members' employment with Defendants;

(g)     Whether Defendants engaged in unlawful and unfair business practices

CLASS ACTION COMPLAINT

1    in violation of California Business & Professions Code sections 17200,

2    *et seq.*; and

3    (h)    The appropriate amount of damages, restitution, or monetary penalties

4    resulting from Defendants' violations of California law.

5    18.    There is a well-defined community of interest in the litigation and the class

6    members are readily ascertainable:

7    (a)    Numerosity:  The class members are so numerous that joinder of all

8    members would be unfeasible and impractical.  The membership of the

9    entire class is unknown to Plaintiff at this time; however, the class is

10    estimated to be greater than one hundred (100) individuals and the

11    identity of such membership is readily ascertainable by inspection of

12    Defendants' employment records.

13    (b)    Typicality:  Plaintiff is qualified to, and will, fairly and adequately

14    protect the interests of each class member with whom she has a well-

15    defined community of interest, and Plaintiff's claims (or defenses, if

16    any) are typical of all class members as demonstrated herein.

17    (c)    Adequacy:  Plaintiff is qualified to, and will, fairly and adequately

18    protect the interests of each class member with whom she has a well-

19    defined community of interest and typicality of claims, as demonstrated

20    herein.  Plaintiff acknowledges that she has an obligation to make

21    known to the Court any relationship, conflicts or differences with any

22    class member.  Plaintiff's attorneys, the proposed class counsel, are

23    versed in the rules governing class action discovery, certification, and

24    settlement.  Plaintiff has incurred, and throughout the duration of this

25    action, will continue to incur costs and attorneys' fees that have been,

26    are, and will be necessarily expended for the prosecution of this action

27    for the substantial benefit of each class member.

28    (d)    Superiority:  The nature of this action makes the use of class action

1   adjudication superior to other methods.  A class action will achieve
2   economies of time, effort, and expense as compared with separate
3   lawsuits, and will avoid inconsistent outcomes because the same issues
4   can be adjudicated in the same manner and at the same time for the
5   entire class.

6   (e)   Public Policy Considerations:  Employers in the State of California
7   violate employment and labor laws every day.  Current employees are
8   often afraid to assert their rights out of fear of direct or indirect
9   retaliation.  Former employees are fearful of bringing actions because
10  they believe their former employers might damage their future
11  endeavors through negative references and/or other means.  Class
12  actions provide the class members who are not named in the complaint
13  with a type of anonymity that allows for the vindication of their rights
14  while simultaneously protecting their privacy.

15  **GENERAL ALLEGATIONS**

16  19.   Defendants are one of the largest private shippers in the world.  UPS operates
17  out of numerous locations throughout the United States, including California.  Upon
18  information and belief, Defendants maintain a single, centralized Human Resources
19  department at their corporate headquarters in Atlanta, Georgia, which is responsible for
20  conducting Defendants' recruiting and hiring of new employees, as well as communicating
21  and implementing Defendants' company-wide policies to employees throughout California.

22  20.   In particular, Plaintiff and class members, on information and belief, received
23  the same standardized documents and/or written policies.  Upon information and belief, the
24  usage of standardized documents and/or written policies indicate that Defendants dictated
25  policies at the corporate level and implemented them company-wide, regardless of their
26  employees' assigned locations or positions.  Upon information and belief, Defendants set forth
27  uniform policies and procedures in the documents provided at an employee's time of hire.

28  21.   Defendants continue to employ non-exempt or hourly-paid employees

CLASS ACTION COMPLAINT

1    throughout California.

2         22.    Plaintiff is informed and believes, and thereon alleges, that at all times herein

3    mentioned, Defendants were advised by skilled lawyers and other professionals, employees

4    and advisors knowledgeable about California labor and wage law, employment and personnel

5    practices, and about the requirements of California law.

6         23.    Plaintiff is informed and believes, and thereon alleges, that Plaintiff and class

7    members were not paid for all hours worked because all hours worked were not recorded.

8         24.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

9    should have known that Plaintiff and class members were entitled to receive at least minimum

10   wages for compensation and that they were not receiving at least minimum wages for work

11   that was required to be done off-the-clock.  In violation of the California Labor Code, Plaintiff

12   and class members were not paid at least minimum wages for work done off-the-clock.

13        25.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

14   should have known that Plaintiff and class members were entitled to meal periods in

15   accordance with the Labor Code or payment of one (1) additional hour of pay at their regular

16   rates of pay when they were not provided with timely, uninterrupted, thirty (30) minute meal

17   periods and that Plaintiff and class members were not provided with all meal periods or

18   payment of one (1) additional hour of pay at their regular rates of pay when they did not

19   receive a timely, uninterrupted, thirty (30) minute meal period.

20        26.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

21   should have known that Plaintiff and class members were entitled to rest periods in

22   accordance with the Labor Code and applicable IWC Wage Order or payment of one (1)

23   additional hour of pay at their regular rates of pay when they were not provided with a

24   compliant rest period and that Plaintiff and class members were not provided compliant rest

25   periods or payment of one (1) additional hour of pay at their regular rates of pay when they

26   were not provided a compliant rest period.

27        27.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

28   should have known that Plaintiff and class members were entitled to receive complete and

CLASS ACTION COMPLAINT

accurate wage statements in accordance with California law. In violation of the California Labor Code, Plaintiff and class members were not provided complete and accurate wage statements.

28. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that they had a duty to maintain accurate and complete payroll records in accordance with the Labor Code and applicable IWC Wage Order, but willfully, knowingly, and intentionally failed to do so.

29. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to timely payment of wages during their employment. In violation of the California Labor Code, Plaintiff and class members did not receive payment of all wages, including, but not limited to, minimum wages and meal and rest period premiums, within permissible time periods.

30. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants knew or should have known that they had a duty to provide Plaintiff and class members with written notice of the material terms of their employment with Defendants as required by the California Wage Theft Prevention Act, but willfully, knowingly, and intentionally failed to do so.

31. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants knew or should have known that they had a duty to compensate Plaintiff and class members for all hours worked, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiff and class members that they were properly denied wages, all in order to increase Defendants' profits.

## FIRST CAUSE OF ACTION

**Violation of California Labor Code §§ 1182.12, 1194, 1197, 1197.1, and 1198—Unpaid**

**Minimum Wages**

**(Against All Defendants)**

32. Plaintiff incorporates by reference and re-alleges as if fully stated herein each

1   and every allegation set forth above.

2       33.    At all relevant times, California Labor Code sections 1182.12, 1194, 1197,

3   1197.1, and 1198 provide that the minimum wage for employees fixed by the IWC is the

4   minimum wage to be paid to employees, and the payment of a wage less than the minimum so

5   fixed is unlawful.  Compensable work time is defined in Wage Order No. 9 as "the time

6   during which an employee is subject to the control of an employer, and includes all the time

7   the employee is suffered or permitted to work, whether or not required to do so."  Cal. Code.

8   Regs. tit. 8, § 11090(2)(G) (defining "Hours Worked").

9       34.    During the relevant time period, Defendants required employees to go through

10   extensive security checks whenever entering or leaving a UPS facility.  For example, before

11   clocking in for their shifts, Plaintiff and class members were required to pass through a

12   security checkpoint, where they would undergo searches of any purses, backpacks, lunch bags,

13   or other items holding their personal belongings.  In accordance with Defendants' company

14   policy, electronic devices such as cell phones had to be labeled prior to being allowed inside

15   the facility.  This labeling of personal electronic devices took place before Plaintiff and class

16   members were permitted to clock in.

17       35.    In addition, after clocking out for the day, Plaintiff and class members were

18   once again required to pass through a security checkpoint, where they were subjected to even

19   more extensive searches, including searches and pat-downs of pockets and pant legs.  Plaintiff

20   and class members spent time, on a daily basis, working off the clock in connection with

21   Defendants' security checks.  For example, Plaintiff was required to spend approximately 10-

22   15 minutes per day undergoing security searches and/or waiting for other class members to be

23   searched.  Although Defendants required that Plaintiff and class members pass through

24   security upon both entering and leaving Defendants' facilities, Defendants did not compensate

25   them for the time it took them to pass through those checkpoints.

26       36.    Additionally, Defendants had, and continue to have, a company-wide policy of

27   understaffing shifts, thereby failing to permit employees to take compliant meal periods.

28   During the relevant time period, Defendants had a policy and/or practice of scheduling

CLASS ACTION COMPLAINT

1   employees for five (5) hour shifts, yet requiring them to work more than six (6) hours per shift

2   in order to keep up with the volume of packages being processed at Defendants' facilities.

3   When this occurred, Plaintiff and class members were not permitted to take meal breaks,

4   regardless of how long they actually worked. Thus, Plaintiff and class members missed meal

5   periods interrupted in order to complete their assigned workload.

6       37.    Defendants knew or should have known that as a result these company-wide

7   practices, Plaintiff and class members were performing some of their assigned duties both

8   before clocking in and after clocking out, and thereby were suffered or permitted to perform

9   work for which they were not paid. Defendants also knew, or should have known, that it did

10  not compensate Plaintiff and class members for this off-the-clock work.

11      38.    Thus, Defendants did not pay at least minimum wages for those hours worked

12  off-the-clock in violation of California Labor Code sections 1182.12, 1194, 1197, 1197.1, and

13  1198.

14      39.    Defendants' failure to pay Plaintiff and class members minimum wages violates

15  California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198. Pursuant to

16  California Labor Code section 1194.2, Plaintiff and class members are entitled to recover

17  liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

18                          **SECOND CAUSE OF ACTION**

19  **Violations of California Labor Code, §§ 226.7, 512(a), and 1198—Meal Period Violations**

20                              **(Against all Defendants)**

21      40.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each

22  and every allegation set forth above.

23      41.    At all relevant times herein set forth, the applicable IWC Wage Order(s) and

24  California Labor Code sections 226.7, 512(a) and 1198 were applicable to Plaintiff and class

25  members' employment by Defendants.

26      42.    At all relevant times herein set forth, California Labor Code section 512(a)

27  provides that an employer may not require, cause, or permit an employee to work for a period

28  of more than five (5) hours per day without providing the employee with a meal period of not

less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee. Under California law, first meal periods must start after no more than five hours. *Brinker Rest. Corp. v. Superior Court,* 53 Cal. 4th 1004, 1041-1042 (Cal. 2012).

43.     At all relevant times herein set forth, California Labor Code section 226.7 and 512(a) provide that no employer shall require an employee to work during any meal period mandated by an applicable order of the IWC.

44.     Defendants have, on a company-wide basis, understaffed shifts and thereby failed to permit employees to take compliant meal periods. During the relevant time period, Defendants had a policy and/or practice of scheduling employees for five (5) hour shifts, yet requiring them to work more than six (6) hours per shift in order to keep up with the volume of packages being processed at Defendants' facilities. When this occurred, Plaintiff and class members were not permitted to take meal breaks, regardless of how long they actually worked.

45.     As a result of these practices and/or policies, Plaintiff and class members were required to continue to perform their duties such as sorting and loading the high volume of packages coming through Defendants' facilities, without being able to take a timely, compliant meal period. For example, Plaintiff worked shifts of more than six (6) hours, despite being scheduled for only five (5) hours, yet was not allowed to take a meal break. Even though Plaintiff and class members were only scheduled to work five (5) hour shifts, they would work more than six (6) hours without being permitted to take meal breaks. Upon information and belief, Plaintiff and class members did not sign valid waivers of their meal periods.

46.     Defendants knew or should have known that as a result of these policies, Plaintiff and class members were denied meal periods on a regular basis. Plaintiff and class members did not sign valid meal break waivers on days that they were entitled to meal periods and were not relieved of all duties.

47.     Moreover, Defendants engaged in a systematic, company-wide policy to not pay meal period premiums.  As a result, Defendants failed to provide Plaintiff and class members compliant meal periods in violation of California Labor Code sections 226.7 and 512 and failed to pay meal period premiums due.

48.     Defendants' conduct violates the applicable IWC Wage Order, and California Labor Code sections 226.7, 512(a), and 1198.  Plaintiff and class members are therefore entitled to recover from Defendants one (1) additional hour of pay at the employee's regular rate of compensation for each work day that the meal period was not provided.

### THIRD CAUSE OF ACTION

### Violation of California Labor Code § 226.7 and 1198—Rest Period Violations

### (Against all Defendants)

49.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

50.     At all relevant times herein set forth, the applicable IWC Wage Order and California Labor Code sections 226.7 and 1198 were applicable to Plaintiff and class members' employment by Defendants.

51.     At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3½) hours.

52.     At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.  To comply with its obligation to provide rest periods under California Labor Code section 226.7 and the applicable IWC Wage Order, an employer must "relinquish any control over how employees spend their break time, and relieve their employees of all duties — including the obligation that an employee remain on call.  A rest

1   period, in short, must be a period of rest." *Augustus v. ABM Security Services, Inc.,* 2 Cal. 5th

2   257, 269-270 (2016).  Pursuant to the applicable IWC Wage Order and California Labor Code

3   section 226.7(b), Plaintiff and class members were entitled to recover from Defendants one (1)

4   additional hour of pay at their regular rates of pay for each work day that a required rest

5   period was not provided.

6           53.     During the relevant time period, Defendants' scheduling policies and practices

7   prevented Plaintiff and class members from taking 10-minute rest periods.  Defendants would

8   only schedule a single rest break per shift, regardless of how long Plaintiff and class members

9   were actually on duty.  Defendants would blow a foghorn to indicate the start and stop time of

10  the rest period.  Upon information and belief, Defendants scheduled rest periods that were

11  only eight (8) minutes long, rather than ten (10) minutes in length.  Thus, Plaintiff and class

12  members worked shifts in excess of three and one-half (3 ½) hours and/or in excess of six (6)

13  hours without receiving all uninterrupted 10-minute rest periods to which they were entitled.

14  For example, throughout her employment, Plaintiff worked six (6) or more hours and received

15  only one 8-minute rest period per shift.

16          54.     At the same time, Defendants implemented a systematic, company-wide policy

17  to not pay rest period premiums owed when rest periods are not provided.  Because of this

18  practice and/or policy, Plaintiff and class members have not received premium pay for missed

19  rest periods.  Thus, Defendants denied Plaintiff and class members rest periods and failed to

20  pay them rest period premium wages due, in violation of Labor Code section 226.7 and the

21  applicable IWC Wage Order.

22          55.     Defendants' conduct violates the applicable IWC Wage Order and California

23  Labor Code sections 226.7 and 1198.  Plaintiff and class members are therefore entitled to

24  recover from Defendants one (1) additional hour of pay at the employee's regular rate of

25  compensation for each work day that the rest period was not provided and the balance owed

26  for underpaid separately compensated rest periods.

27

28

CLASS ACTION COMPLAINT

**FOURTH CAUSE OF ACTION**

**Violation of California Labor Code §§ 226(a), 1174(d), and 1198 – Non-Compliant Wage Statements and Failure to Maintain Accurate Payroll Records**

**(Against all Defendants)**

56.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

57.    At all relevant times herein, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate and complete itemized wage statement in writing, including, but not limited to, the name and address of the legal entity that is the employer, the inclusive dates of the pay period, total hours worked, and all applicable rates of pay.

58.    During the relevant time period, Defendants have knowingly and intentionally provided Plaintiff and class members with uniform, incomplete, and inaccurate wage statements.  Because Defendants did not record the time Plaintiff and class members spent undergoing security searches and performing their duties during unpaid meal periods, Defendants did not list the correct amount of gross wages earned by Plaintiff and class members in compliance with section 226(a)(1).  For the same reason, Defendants failed to list the correct amount of net wages earned by Plaintiff and class members in violation of section 226(a)(5).

59.    The wage statement deficiencies also include, among other things, failing to list total hours worked by employees; failing to list all applicable hourly rates in effect during the pay period, including overtime rates of pay, and the corresponding number of hours worked at each hourly rate; failing to list the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis; failing to list all deductions; failing to list the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number; failing to list the name and address of the legal entity that is the employer; failing to list the inclusive dates of the period for which employees were paid; and/or failing to state all hours worked as a result of

1    not recording or stating the hours they worked off-the-clock.

2         60.    California Labor Code section 1174(d) provides that "[e]very person employing

3    labor in this state shall … [k]eep a record showing the names and addresses of all employees

4    employed and the ages of all minors" and "[keep, at a central location in the state or at the

5    plants or establishments at which employees are employed, payroll records showing the hours

6    worked daily by and the wages paid to, and the number of piece-rate units earned by and any

7    applicable piece rate paid to, employees employed at the respective plants or

8    establishments…"   Labor Code section 1174.5 provides that employers are subject to a $500

9    civil penalty if they fail to maintain accurate and complete records as required by section

10    1174(d).  During the relevant time period, and in violation of Labor Code section 1174(d),

11    Defendants willfully failed to maintain accurate payroll records for Plaintiff class members

12    showing the daily hours they worked and the wages paid thereto as a result of failing to record

13    the off-the-clock hours that they worked.

14         61.    California Labor Code section 1198 provides that the maximum hours of work

15    and the standard conditions of labor shall be those fixed by the Labor Commissioner and as

16    set forth in the applicable IWC Wage Orders.  Section 1198 further provides that "[t]he

17    employment of any employees for longer hours than those fixed by the order or under

18    conditions of labor prohibited by the order is unlawful."  Pursuant to the applicable IWC

19    Wage Order, employers are required to keep accurate time records showing when the

20    employee begins and ends each work period and meal period.  During the relevant time

21    period, Defendants kept no records of time spent by Plaintiff and class members undergoing

22    security searches and clock-in/clock-out procedures.

23         62.    Plaintiff and class members are entitled to recover from Defendants the greater

24    of their actual damages caused by Defendants' failure to comply with California Labor Code

25    section 226(a), or an aggregate penalty not exceeding four thousand dollars ($4,000) per

26    employee.

27    //

28    //

CLASS ACTION COMPLAINT

**FIFTH CAUSE OF ACTION**

**Violation of California Business & Professions Code §§ 17200, *et seq.* –**

**Unlawful Business Practices**

**(Against all Defendants)**

63.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

64.     Defendants are a "person" as defined by California Business & Professions Code sections 17201, as they are corporations, firms, partnerships, joint stock companies and/or associations.

65.     Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiff, class members, and to the general public.  Plaintiff has suffered injury in fact and has lost money as a result of Defendants' unlawful business practices.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

66.     Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code sections 17200, *et seq.*

67.     A violation of California Business & Professions Code sections 17200, *et seq.* may be predicated on the violation of any state or federal law.  In the instant case, Defendants' policies and practices have violated state law in at least the following respects:

(a)     Failing to pay at least minimum wage to Plaintiff and class members in violation of California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198 and the applicable IWC Order, as alleged herein;

(b)     Failing to provide meal and rest periods to Plaintiff and class members in violation of California Labor Code sections 226.7, 512(a), 1198, and the applicable IWC Order, as alleged herein;

(c)     Failing to provide Plaintiff and class members with accurate wage statements and failing to maintain accurate payroll records in violation

CLASS ACTION COMPLAINT

of California Labor Code sections 226(a), 1174(d), 1198, and the applicable IWC Order, as alleged herein;

(d)    Failing timely to pay all earned wages to Plaintiff and class members in violation of California Labor Code section 204 and the applicable IWC Order, as set forth below; and

(e)    Failing to provide written notice of information material to Plaintiff and class members' employment with Defendants in violation of Labor Code section 2810.5(a)(1)(A)-(C), as set forth below.

68.    At all relevant times herein set forth, California Labor Code section 204 requires that all wages earned by any person in any employment between the 1st and the 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed. Labor Code section 204 further provides that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month.

69.    At all relevant times herein, California Labor Code section 204 also requires that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period. Alternatively, at all relevant times herein, Labor Code section 204 provides that the requirements of this section are deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven (7) calendar days following the close of the payroll period.

70.    During the relevant time period, Defendants willfully failed to pay Plaintiff and class members all wages due to them within any time period specified by California Labor Code section 204 including, but not limited to, minimum wages and meal and/or rest period premium wages. Plaintiff and class members are therefore entitled to recover civil penalties pursuant to Labor Code sections 210 and/or 2699(a), (f), and (g).

71.    At all relevant times herein, California's Wage Theft Prevention Act was

enacted to ensure that employers provide employees with basic information material to their employment relationship at the time of hiring, and to ensure that employees are given written and timely notice of any changes to basic information material to their employment. Codified at California Labor Code section 2810.5, the Wage Theft Prevention Act provides that at the time of hiring, an employer must provide written notice to employees containing basic and material payroll information, including, among other things, the rate(s) of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or otherwise, including any rates for overtime, the regular payday designated by the employer, and any allowances claims as part of the minimum wage, including meal or lodging allowances. Labor Code § 2810.5(a)(1)(A)-(C).

72.    During the relevant time period, on information and belief, Defendants failed to provide written notice to Plaintiff and class members that lists the requisite information set forth in Labor Code section 2810.5(a)(1)(A)-(C) on a company-wide basis.

73.    Defendants' failure to provide Plaintiff and class members with written notice of basic information regarding their employment with Defendants is in violation of Labor Code section 2810.5.

74.    As a result of the violations of California law herein described, Defendants unlawfully gained an unfair advantage over other businesses. Plaintiff and class members have suffered pecuniary loss by Defendants' unlawful business acts and practices alleged herein.

75.    Pursuant to California Business & Professions Code sections 17200 *et seq.*, Plaintiff and class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and class members; and an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws; and an award of costs.

//

//

CLASS ACTION COMPLAINT

**SIXTH CAUSE OF ACTION**

**Violation of California Business & Professions Code §§ 17200, *et seq.* –**

**Unfair Business Practices**

**(Against all Defendants)**

76.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

77.     Defendants are a "person" as defined by California Business & Professions Code sections 17201, as they are corporations, firms, partnerships, joint stock companies, and/or associations.

78.     Defendants' conduct, as alleged herein, has been, and continues to be, unfair, and harmful to Plaintiff, class members, and to the general public.  Plaintiff has suffered injury in fact and has lost money as a result of Defendants' unfair business practices.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

79.     Defendants' activities, namely Defendants' company-wide practice and/or policy of not paying Plaintiff and class members all meal and rest period premium wages due to them under Labor Code section 226.7, deprived Plaintiff and class members of the compensation guarantee and enhanced enforcement implemented by section 226.7.  The statutory remedy provided by section 226.7 is a "'dual-purpose' remedy intended primarily to compensate employees, and secondarily to shape employer conduct.  *Safeway, Inc. v. Superior Court*, 238 Cal. App. 4th 1138, 1149 (2015).  The statutory benefits of section 226.7 were guaranteed to Plaintiff and class members as part of their employment with Defendants, and thus Defendants' practice and/or policy of denying these statutory benefits constitutes an unfair business practice in violation of California Business & Professions Code sections 17200, *et seq.* (*Id.*)

80.     A violation of California Business & Professions Code sections 17200, *et seq.* may be predicated on any unfair business practice.  In the instant case, Defendants' policies and practices have violated the spirit of California's meal and rest break laws and constitute

1  acts against the public policy behind these laws.

2      81.    Pursuant to California Business & Professions Code sections 17200 et seq.,

3  Plaintiff and class members are entitled to restitution for the class-wide loss of the statutory

4  benefits implemented by section 226.7 withheld and retained by Defendants during a period

5  that commences four years prior to the filing of this complaint; a permanent injunction

6  requiring Defendants to pay all statutory benefits implemented by section 226.7 due to

7  Plaintiff and class members; an award of attorneys' fees pursuant to California Code of Civil

8  Procedure section 1021.5 and other applicable laws; and an award of costs.

9  **REQUEST FOR JURY TRIAL**

10      Plaintiff requests a trial by jury.

11  **PRAYER FOR RELIEF**

12      Plaintiff, on behalf of herself and all others similarly situated, prays for relief and

13  judgment against Defendants, jointly and severally, as follows:

14      1.    For damages, unpaid wages, penalties, injunctive relief, and attorneys' fees in

15  excess of twenty-five thousand dollars ($25,000), exclusive of interest and costs.  Plaintiff

16  reserves the right to amend her prayer for relief to seek a different amount.

17  **Class Certification**

18      2.    That this case be certified as a class action;

19      3.    That Plaintiff be appointed as the representative of the Class and subclass;

20      4.    That counsel for Plaintiff be appointed as class counsel.

21  **As to the First Cause of Action**

22      5.    That the Court declare, adjudge and decree that Defendants violated California

23  Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198 by willfully failing to pay

24  minimum wages to Plaintiff and class members;

25      6.    For general unpaid wages and such general and special damages as may be

26  appropriate;

27      7.    For pre-judgment interest on any unpaid compensation from the date such

28  amounts were due, or as otherwise provided by law;

8.   For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code section 1194(a);

9.   For liquidated damages pursuant to California Labor Code section 1194.2; and

10.   For such other and further relief as the Court may deem equitable and appropriate.

### As to the Second Cause of Action

11.   That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 226.7, 512(a), and 1198 and applicable IWC Wage Order(s) by willfully failing to provide all meal periods to Plaintiff and class members;

12.   That the Court make an award to the Plaintiff and class members of one (1) hour of pay at each employee's regular rate of pay for each workday that a meal period was not provided;

13.   For all actual, consequential, and incidental losses and damages, according to proof;

14.   For premiums pursuant to California Labor Code section 226.7(b);

15.   For pre-judgment interest on any unpaid meal period premiums from the date such amounts were due, or as otherwise provided by law;

16.   For attorneys' fees pursuant to California Code of Civil Procedure section 1021.5, or as otherwise provided by law; and

17.   For such other and further relief as the Court may deem equitable and appropriate.

### As to the Third Cause of Action

18.   That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 226.7 and 1198 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiff and class members;

19.   That the Court make an award to the Plaintiff and class members of one (1) hour of pay at each employee's regular rate of pay for each workday that a rest period was not provided;

20.    For all actual, consequential, and incidental losses and damages, according to proof;

21.    For premiums pursuant to California Labor Code section 226.7(b);

22.    For pre-judgment interest on any unpaid rest period premiums from the date such amounts were due, or as otherwise provided by law;

23.    For attorneys' fees pursuant to California Code of Civil Procedure section 1021.5, or as otherwise provided by law; and

24.    For such other and further relief as the Court may deem equitable and appropriate.

### As to the Fourth Cause of Action

25.    That the Court declare, adjudge and decree that Defendants violated the recordkeeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders as to Plaintiff and class members, and willfully failed to provide accurate itemized wage statements thereto;

26.    For all actual, consequential and incidental losses and damages, according to proof;

27.    For injunctive relief pursuant to California Labor Code section 226(h);

28.    For statutory penalties pursuant to California Labor Code section 226(e); and

29.    For such other and further relief as the Court may deem equitable and appropriate.

### As to the Fifth Cause of Action

30.    That the Court declare, adjudge and decree that Defendants conduct of failing to provide Plaintiff and class members all minimum wages due to them, failing to provide Plaintiff and class members all meal and rest periods, failing to provide accurate and complete wage statements, failing to maintain accurate payroll records, failing timely to pay all earned wages during employment, and failing to provide employees with basic information material to their employment, constitutes an unlawful business practice in violation of California Business and Professions Code sections 17200, *et seq.*;

31.     For restitution of unpaid wages to Plaintiff and all class members and prejudgment interest from the day such amounts were due and payable;

32.     For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code sections 17200 *et seq.*;

33.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5; and

34.     For such other and further relief as the Court may deem equitable and appropriate.

**As to the Sixth Cause of Action**

35.     That the Court declare, adjudge and decree that Defendants' conduct of denying Plaintiff and class members the statutory benefits guaranteed under section 226.7 constitutes an unfair business practice in violation of California Business and Professions Code sections 17200, *et seq.*;

36.     For restitution of the statutory benefits under section 226.7 unfairly withheld from Plaintiff and class members and prejudgment interest from the day such amounts were due and payable;

37.     For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code sections 17200 *et seq.*;

38.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

39.     For pre-judgment and post-judgment interest as provided by law; and

CLASS ACTION COMPLAINT

40.   For such other and further relief as the Court may deem equitable and appropriate.

Dated:  December 28, 2017                Respectfully submitted,

                                        Capstone Law APC

                                        By:
                                        Robert Drexler
                                        Jonathan Lee
                                        Natalie Torbati

                                        Attorneys for Plaintiff La Tasha Coates

CLASS ACTION COMPLAINT